```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/17/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
AMELIA D. ROSE o/b/o X.G.T.A.,
       Plaintiff,

   -against-

NANCY A. BERRYHILL,
Acting Commissioner of Social Security

       Defendant.
------------------------------------------------------------- X

18 Civ. 509 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

  Amelia D. Rose, the aunt and legal guardian of X.G.T.A., a minor (the "Plaintiff") brought this action against the Commissioner (the "Commissioner") of the Social Security Administration (the "SSA"), seeking review of the final decision of an Administrative Law Judge ("ALJ") denying his application for Supplemental Security Income ("SSI") under the Social Security Act ("the Act"). Before the Court is the Report and Recommendation of Magistrate Judge Sarah Netburn (the "Report"), recommending that the Court deny Plaintiff's motion for judgment on the pleadings and grant the Commissioner's cross-motion for judgment on the pleadings. Plaintiff objected to the Report. For the following reasons, the recommendation to grant the Commissioner's motion is adopted, and Plaintiff's motion is denied.

**I. BACKGROUND**

  The following facts are taken from the administrative record and the parties' submissions.

  Plaintiff filed an application for SSI, which initially was denied. At Plaintiff's request, the ALJ conducted a hearing and denied Plaintiff's claim. The Appeals Council denied Plaintiff's request for review, and Plaintiff filed this action.

### A. The ALJ's Decision

The October 31, 2016 ALJ decision (the "Opinion") denied Plaintiff's claim for SSI benefits, finding that Plaintiff is not disabled. The Opinion followed a three-step process outlined in the SSA administrative guidelines. At step one, the ALJ found that Plaintiff, a school-aged child, never engaged in substantial gainful employment. At step two, the ALJ concluded that Plaintiff suffers from medically determinable severe impairments -- specifically, attention deficit hyperactivity disorder, anxiety disorder and mood disorder. At step three, the ALJ found that Plaintiff's impairments do not meet, or medically equal or functionally equal, one of the listed impairments in 20 C.F.R. Part 404. In determining functional equivalence, the ALJ considered whether Plaintiff's impairments caused an extreme limitation in one, or a marked limitation in at least two, of the following six domains of functioning: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about or manipulating objects; caring for yourself; and health and physical well-being. He found that Plaintiff had a less-than-marked limitation in four of the six domains of functioning, no limitation in two of the six domains of functioning. The ALJ concluded that Plaintiff was not disabled.

### B. Judge Netburn's Report

The Report recommends that the Commissioner's cross-motion for judgment on the pleadings be granted because Plaintiff's impairments do not medically or functionally equal a listed impairment in 20 C.F.R. Part 404. As to medical equivalence, the Report finds that the ALJ did not err in failing to obtain a medical expert before determining that Plaintiff's impairments do not medically equal a listing. As to functional equivalence, the Report concludes that there is substantial evidence that Plaintiff's impairments did not cause a marked limitation in

two of the six domains of functioning. Specifically, the Report concludes that substantial evidence supports the ALJ's findings that Plaintiff had a less-than-marked limitation in attending and completing tasks and interacting and relating with others, and no limitation in acquiring and using information. In reaching that conclusion, the Report relies on (1) Dr. Arlene Broska, a psychologist who examined Plaintiff on June 16, 2014; (2) Dr. Philomena Ude, a state agency pediatrician who reviewed Plaintiff's medical records on June 24, 2014; (3) Elaine Swerdlow, a social worker who saw Plaintiff every three months for nearly two years; and (4) teacher questionnaires and Plaintiff's school records.

### C. Plaintiff's Objection

On February 19, 2019, Plaintiff filed an objection to the Report (the "Objection"). In his Objection, Plaintiff does not identify any specific errors in the Report. Instead, the Objection reiterates the general argument that the ALJ failed to rely on substantial evidence in the record to determine whether Plaintiff's impairment functionally equals a listed impairment in 20 C.F.R. Part 404. In particular, the Objection argues that the ALJ erred in concluding that Plaintiff did not have a marked limitation in attending and completing tasks and interacting and relating with others in light of the following evidence:

- A teacher questionnaire from Plaintiff's second grade teacher Lauren Solano, which identifies "daily serious or very serious problems in the domain of attending and completing tasks."
- A letter from two of Plaintiff's third-grade teachers to Ms. Rose, Plaintiff's guardian, describing his lack of control in the classroom.

3

- A teacher questionnaire from Plaintiff's teacher Kenneth Berman[1] that notes problems in the areas of attending and completing tasks and interacting and relating with others.

In his Objection, Plaintiff argues for the first time that the ALJ omitted impulse control disorder and post-traumatic stress disorder from Plaintiff's medically determinable impairments, even though his therapist and psychiatrist diagnosed these conditions.

## II. STANDARD

### A. Reviewing Magistrate Judge Report and Recommendations

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Santiago v. Berryhill*, No. 17 Civ. 5149, 2018 WL 4387554, at *4 (S.D.N.Y. Sept. 14, 2018) (quoting Fed. R. Civ. P. 72(b) and citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

"If a party timely objects to any portion of a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015) (quoting 28 U.S.C. § 636(b)(1)). Even when exercising de novo review, a "district court need not . . . specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety." *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x. 230, 232 (2d Cir. 2006)

---

[1] Plaintiff's Objection identifies him as Kenneth Brown.

4

(summary order); *accord Rapaport v. Comm'r of Soc. Sec.*, No. 16 Civ. 2617, 2018 WL 3122056, at *2 (S.D.N.Y. June 26, 2018).

"When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error." *Espada v. Lee*, No. 13 Civ. 8408, 2016 WL 6810858, at *2 (S.D.N.Y. Nov. 16, 2016), *appeal dismissed* (2d Cir. Mar. 1, 2017). Further, a district court should not entertain new grounds for relief or additional legal arguments that were not before the magistrate judge. *See Walker v. Stinson*, 205 F.3d 1327, 2000 WL 232295, at *2 (2d Cir. 2000) (holding that a district court did not abuse its discretion in refusing to consider an argument that a petitioner failed to raise before a magistrate judge); *accord Kriss v. Bayrock Grp., LLC*, No. 10 Civ. 3959, 2015 WL 1305772, at *1 (S.D.N.Y. Mar. 23, 2015).

## B.  Reviewing ALJ Opinions

To demonstrate a disability, a plaintiff under the age of 18 must show that he has "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted . . . for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

A disability determination of the ALJ may be set aside only if "it is based upon legal error or is not supported by substantial evidence." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *accord Greenhaus v. Berryhill*, No. 16 Civ. 10035, 2018 WL 1626347, at *7 (S.D.N.Y. Mar. 30, 2018). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brault v. Soc. Sec. Admin., Com'r*, 683 F.3d 443, 447–48 (2d Cir. 2012) (citation and internal quotation marks omitted); *accord Mauro v. Berryhill*, 270 F. Supp. 3d 754, 759 (S.D.N.Y. 2017) (quoting

5

*Richardson v. Perales*, 402 U.S. 389, 401 (1971)), *aff'd*, 746 F. App'x 83 (2d Cir. 2019). The substantial evidence standard means once an ALJ finds facts, a reviewing court can reject those facts "only if a reasonable factfinder would *have to conclude otherwise.*" *Brault v. Soc. Sec. Admin., Com'r*, 683 F.3d 443, 448 (2d Cir. 2012). The ALJ's decision need not "mention[ ] every item of testimony presented," *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) (*per curiam*), or "reconcile explicitly every conflicting shred of medical testimony," *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010); *accord Levine v. Berryhill*, No. 17 Civ. 5024, 2018 WL 4204432, at *6 (S.D.N.Y. Sept. 4, 2018).

## III. DISCUSSION

Plaintiff's Objection is overruled and the Report is adopted in its entirety.

### A. Functional Equivalence

The ALJ's finding that Plaintiff has a less-than-marked limitation in attending and completing tasks and in interacting and relating with others is supported by substantial evidence. Plaintiff's Objection is overruled, and this portion of the Report is adopted.

#### 1. Attending and Completing Tasks

In the domain of "attending and completing tasks," the SSA regulations state that claimants between the age of 6 and 12 should be able to focus their attention in a variety of situations in order to follow directions, organize school materials, complete assignments, change activities without distracting themselves or others and stay on task. 20 C.F.R. § 416.926a(h)(2)(iv).

The ALJ's finding that Plaintiff had a less-than-marked limitation in attending and completing tasks is supported by substantial evidence. Dr. Arlene Broska, a psychologist, examined Plaintiff and observed that his attention and concentration were "intact and age

6

appropriate." She concluded that there was "no evidence of limitation in the claimant's ability to attend to, follow, and understand age appropriate directions or complete age appropriate tasks." Dr. Philomena Ude, a consultative pediatrician, reviewed Plaintiff's medical records and also concluded that there is "no evidence of limitation in the claimant's ability to attend to, follow and understand appropriate directions or complete age appropriate tasks."

When taken as a whole, Plaintiff's school reports lend further credence to these assessments. Plaintiff argues that in 2014, three of his teachers noted that he had trouble attending to and completing tasks. However, as the Report states, Plaintiff made marked progress on his ability to attend to and complete tasks over the next year. By June 2015, Elaine Swerdlow, a social worker, noted that Plaintiff made "significant progress in all objectives," and specifically, that he met his objectives regarding "learn[ing] to finish doing his work" and developing techniques to cope with distraction. On October 15, 2015, a school report stated that Plaintiff's "attention" and "use of school time" was "satisfactory."

Plaintiff argues that in May 2015, the period by which the Report cited improvements, Plaintiff's teacher Kenneth Berman "found problems in the area of attending and completing" tasks. However, when considered holistically, Mr. Berman's questionnaire is more ambiguous as to Plaintiff's limitations than the Objection suggests. Mr. Berman's questionnaire notes an "obvious problem" in only three out of thirteen questionnaire categories used to assess Plaintiff's ability to attend to and complete tasks and notes that Plaintiff had "no problem" or only "a slight problem" in the remaining ten categories. *See, e.g.*, *Graves v. Colvin*, No. 14 Civ. 0378, 2015 WL 3901779, at *7 (N.D.N.Y. June 25, 2015) (finding substantial evidence to support ALJ's finding that the plaintiff had a less-than-marked limitation in the domain of "interacting and relating with others" when teacher questionnaire identified "an obvious problem" in one

7

questionnaire category, "a very serious problem" in another two categories, but only a "slight" or "no problem" in the remaining categories).

On this record, substantial evidence supports the ALJ's conclusion that Plaintiff had a less-than-marked limitation in attending to and completing tasks. *See Brault*, 683 F.3d at 448; *see also Rodriguez ex rel. Mena v. Astrue*, No. 10 Civ. 0305, 2011 WL 2923861, at *12 (S.D.N.Y. July 7, 2011) ("[E]ven if there is substantial evidence contrary to the Commissioner's position, the Commissioner's determination will not be disturbed if it is supported by substantial evidence.").

### 2. Interacting and Relating With Others

In assessing whether claimants between the age of 6 and 12 have a marked limitation in "interacting and relating with others," the regulations require an assessment of the claimant's ability to develop friendships with similarly-aged children, work in groups to solve problems and talk to people of all ages. 20 C.F.R. § 416.926a(i)(2)(iv).

The ALJ's finding that Plaintiff has a less-than-marked limitation in interacting and relating with others is supported by substantial evidence. Dr. Broska observed that "there is no evidence . . . [that Plaintiff has] moderate limitation in maintaining appropriate social behavior, interacting adequately with peers and with adults," and that Plaintiff's "manner of relating . . . [was] age appropriate." By March 2015, Swerdlow, Plaintiff's social worker, noted that Plaintiff had achieved his goal of refraining from "starting fights with kids" and "excessive touching." His school records further confirm that by 2015, he had made substantial progress in interacting and relating with others. *See Brault*, 683 F.3d at 448; *see also Gonzalez v. Astrue*, No. 10 Civ. 3667, 2011 WL 4024707, at *7 (S.D.N.Y. Sept. 12, 2011), *report and recommendation adopted*, No. 10 Civ. 3667, 2012 WL 3835522 (S.D.N.Y. Sept. 4, 2012) (finding, based on medical

assessments, substantial evidence that the plaintiff had a less-than-marked limitation in "attending and completing tasks" even when the plaintiff's mother testified to the contrary).

The Objection argues that Mr. Berman's teacher questionnaire identifies Plaintiff as having "a serious problem . . . daily in seeking attention appropriately . . . [and] serious problems handling frustration appropriately and identifying and appropriately asserting emotional needs on a weekly basis." However, the questionnaire assesses the domain of interacting and relating with others using 13 categories, and Mr. Berman noted that Plaintiff had "no problem" or only a "slight problem" in 11 out of 13 of those categories. The questionnaire also states that Mr. Berman had not found it necessary to implement behavior modification strategies in response to Plaintiff's difficulties in this domain. Therefore, Mr. Berman's questionnaire does not rebut a finding that reasonable evidence supports the conclusion that Plaintiff suffered a less-than-marked limitation in the area of interacting and relating with others. *See Graves*, 2015 WL 3901779, at *7.

\* \* \* \*

Plaintiff's Objection regarding the Report's conclusions with respect to Plaintiff's limitations in attending and completing tasks and in interacting and relating with others are overruled. This portion of the Report is adopted.

### B. Medically Determinable Impairments

For the first time in his Objection, Plaintiff argues that the ALJ omitted from Plaintiff's medically determinable impairments impulse control disorder and post-traumatic stress disorder, even though these conditions were diagnosed by his therapist and psychiatrist. This argument was not raised before Judge Netburn, and the Court declines to hear it for the first time on appeal. *See Walker*, 2000 WL 232295, at *2; *Minto v. Decker*, 108 F. Supp. 3d 189, 192 (2015)

9

("[A]n unsuccessful party is not entitled as of right to a *de novo* review by the judge of an argument never reasonably raised before the magistrate.").

### C. Remainder of the Report as to which No Objection was Made

The Objection does not address the remainder of the Report. Having reviewed the remainder of the Report, the Court finds that the factual and legal bases supporting its findings and conclusions are not clearly erroneous or contrary to law. Accordingly, the Court adopts the remainder of the Report.

## IV. CONCLUSION

For the foregoing reasons, the conclusions in the Report, and the recommendation to grant the Commissioner's motion, are adopted. Accordingly, Plaintiff's motion for judgment on the pleadings is DENIED, and the Commissioner's motion is GRANTED.

The Clerk of Court is respectfully directed to close the motions at Docket Numbers 13 and 15 and close the case.

Dated: June 17, 2019
  New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE